UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **WILLIAM L. HANNA**<br>2136 Sunrush Court<br>Grove City, Ohio 43123<br><br>and<br><br>**CYNTHIA G. HANNA**<br>2136 Sunrush Court<br>Grove City, Ohio 43123<br><br>    Plaintiffs,<br><br>vs.<br><br>**WELLS FARGO BANK, N.A.**<br>c/o CSC-Lawyers Incorporating Service<br>50 West Broad Street, Ste 1330<br>Columbus, Ohio 43215<br><br>    Defendant. | Case No.:<br><br>Judge:<br><br><br><br>**JURY DEMAND ENDORSED HEREIN** |

## COMPLAINT FOR MONEY DAMAGES AND OTHER RELIEF

### JURY DEMAND ENDORSED HEREIN

The following allegations are based upon Plaintiffs' William L. Hanna and Cynthia G. Hanna (the "Hannas") personal knowledge, the investigation of counsel, and information and belief. The Hannas, through counsel, allege as follows:

**I.    INTRODUCTION**

1. Plaintiffs William Hanna, a Clinical Psychological Resident, and his wife, Cynthia Hanna, a support specialist, are pregnant with their first child after many difficult years of trying and are personally and professionally reliant upon the availability of their cell phones. The Hannas are hard-working, loyal customers of Defendant Wells

1

Fargo Bank, N.A. ("Defendant") who continue to make consistent payments towards their mortgage never falling more than a month behind.  Despite the Hannas' circumstances, Defendant coldly and aggressively continues to use a robodialer for the sole purpose of harassing the Hannas with non-stop calls to their cellular phones five to twenty times a day.  The calls are so incessant, that William Hanna's sessions with child patients are constantly interrupted and disturbed by the ringing of his cell phone forcing him to choose between allowing the distraction or denying his wife's ability to contact him in the event of emergency.

2. The Hannas repeatedly demanded that Defendant stop making phone calls to their cellular telephones with no success stopping the behavior.  Plaintiff is left with no other options than to bring this action under 47 U.S.C. § 227 et seq. against Defendant to stop their excessive and abusive activities.

## II. PRELIMINARY STATEMENT

3. The Hannas institute this action for actual damages, statutory damages, treble damages, attorneys' fees, and the costs of this action against Defendant for multiple violations of the Telephone Consumer Protections Act ("TCPA"), 47 U.S.C. § 227 et seq.

## III. JURISDICTION AND VENUE

4. The Hannas incorporate all other paragraphs in this Complaint by reference as though fully written here.

5. This Court has jurisdiction over Counts One and Two pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 et seq.

6. This Court has personal jurisdiction over Defendant because Defendant conducts substantial business in Ohio, and this lawsuit arises out of acts which occurred in Ohio.

7. Venue is proper in the United States District Court for the Southern District of Ohio because Defendant conducts business in this District, the acts that gave rise to this lawsuit occurred in this District and the Hannas reside in this District. Further, Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced, and Defendant's contacts with this District are sufficient to subject it to personal jurisdiction.

## IV. PARTIES

8. The Hannas incorporate all other paragraphs in this Complaint by reference as though fully written here.

9. The Hannas are natural persons currently residing within this Court's jurisdiction at 2136 Sunrush Court, Grove City, Ohio 43123.

10. Defendant is a bank and loan servicer with its principal place of business located in the State of South Dakota.

## V. FACTUAL ALLEGATIONS

11. The Hannas incorporate all other paragraphs in this Complaint by reference as though fully written here.

12. The Hannas at all times mentioned herein are, a "person[s]" as defined by 47 U.S.C. § 153(39).

13. Defendant is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).

14. Mr. Hanna is a Clinical Psychological Resident in his second year of residency and counsels children throughout the day.

15. Mrs. Hanna is a support specialist and pregnant with the Hanna's first child.

16. Due to the circumstances of Mrs. Hanna's pregnancy, Mr. Hanna must be available to communicate via his cell phone at all times.

17. The Hannas never gave Defendant consent to be called on their cellular phones.

18. The Hannas obtained their current cellular phone numbers from AT&T Wireless in or around 2003.

19. Both the Hannas cellular telephone numbers are telephone numbers assigned to a cellular telephone service as described in 47 U.S.C. § 227(b)(1)(A)(iii).

20. Defendant started repeatedly calling the Hannas on their cellular telephones in or around November 2015.

21. Defendant places calls to the Hannas' cellular phones two to twenty times per day.

22. Defendant uses systems with the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers when placing calls to the Hannas' cellular phones.

23. Defendant uses equipment with the capacity to store or produce telephone numbers to be called using a random or sequential number generator and to dial such numbers when placing calls to the Hannas' cellular phones.

24. Defendant uses an automated telephone dialing system to call the Hannas' cellular telephones for purposes other than an emergency.

25. Defendant uses an automated telephone dialing system to connect its agents with the Hannas' cellular telephones.

26. Defendant uses an automated telephone dialing system to leave automated and prerecorded messages on the Hannas' cellular telephones causing the Hannas' voicemail inboxes to fill up preventing others from leaving voicemails.

27. The Hannas told Defendant on multiple occasions to stop calling them.

28. Calls placed by Defendant's automated telephone dialing system distracts and interrupts Mr. Hanna's psychology counseling sessions with distressed children.

29. Calls placed by Defendant's automated telephone dialing system inhibit and interfere with the Hannas' ability to communicate and be available to communicate with each other regarding Mrs. Hanna's health, pregnancy, and other urgent family matters.

30. Defendant employed an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), to contact the Hannas on their cellular telephones.

31. Similarly, Defendant employed "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A) to communicate with the Hannas on their cellular telephones.

32. The telephone number that Defendant used to contact the Hannas, with an "artificial or prerecorded voice" made by an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

33. Defendant did not obtain prior express consent from the Hannas to receive prerecorded calls by Defendant on their cellular telephones.

34. Defendant did not obtain prior express consent allowing Defendant to place telephone calls to the Hannas' cellular phones utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

35. The telephone calls from Defendant to the Hannas' cellular phones were not made "for emergency purposes" utilizing an "artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

36. Defendant did not employ an "automatic telephone dialing system," to make telephone calls to the Hannas' cellular phones "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

37. Defendant's telephone calls to the Hannas' cellular phones utilizing an "artificial or prerecorded voice" were for non-emergency purposes and in the absence of the Hannas' prior express consent to Defendant, violated 47 U.S.C. § 227(b)(1)(A).

38. Defendant's telephone calls to the Hannas' cellular phones placed by an "automatic telephone dialing system" were for non-emergency purposes and in the absence of the Hannas' prior express consent, violated 47 U.S.C. § 227(b)(1)(A).

39. Defendant knowingly used an automatic telephone dialing system or an artificial or prerecorded voice to make the telephone calls without obtaining the Hannas prior express consent.

40. Defendant was told by the Hannas on multiple occasions to stop calling their cellular phones.

41. The degree, veracity and amount of calls made to the Hannas clearly exceeds the reasonable expectations of consumers.

42. Defendant acted willfully, knowingly, and with complete disregard for the TCPA when it initiated the calls described above.

43. Due to Defendants calls, the Hannas suffered severe physical and emotional exhaustion, increased stress, apprehension, lack of sleep, and other emotional damages.

44. Due to Defendants calls, the Hannas suffered decreased professional productivity and effectiveness.

45. Due to Defendant's illegal calls, the Hannas were injured and Defendant is liable to them for violations of 47 U.S.C. § 227 et seq.

## VI. COUNT ONE – KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONUSMER PROTECTIONS ACT, 47 U.S.C. § 227 et seq.

46. The Hannas incorporate all other paragraphs in this Complaint by reference as though fully rewritten herein.

47. Defendant used an automatic telephone dialing system to call a cellular telephone without the prior express consent of the called party in violation of 47 U.S.C. § 227(b)(1)(A).

48. Defendant made unlawful calls using an artificial or prerecorded voice to a cellular telephone without prior express consent of the called party 47 U.S.C. § 227(b)(1)(A).

49. Defendant used an automatic telephone dialing system to call the Hannas on numerous occasions from 2015 through the present without the Hannas' prior express consent in violation of 47 U.S.C. § 227(b)(1)(A).

50. Defendant made unlawful calls to the Hannas using an artificial or prerecorded voice on numerous occasions from 2015 through the present without the Hannas' prior express consent in violation of 47 U.S.C. § 227(b)(1)(A).

51. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice, in violation of 47 U.S.C. § 227(b)(1)(A), to call the Hannas between 2 and 20 calls per day.

52. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to, each of the above-cited provisions of 47 U.S.C. § 227 et seq.

53. The Hannas were injured by Defendant's conduct in receiving the illegal calls and Defendant is liable to the Hannas for these violations.

54. As a result of Defendant's knowing and/or willful violation of 47 U.S.C. § 227 et seq., the Hannas are entitled to treble damages of up to $1,500 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

55. Due to the egregious conduct and willful behavior of Defendant, the Hannas are also entitled to actual and non-economic damages, attorneys' fees and costs.

## VII. COUNT TWO – VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ

56. The Hannas incorporates all paragraphs by reference as though fully written here.

57. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions.

58. The Hannas were injured by Defendant's conduct in receiving the illegal calls and Defendant is liable to the Hannas for these violations.

59. As a result of violations of 47 U.S.C. § 227 et seq., the Hannas are entitled to an award of up to $500 for each and every call, in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

60. The Hannas are also entitled to actual and non-economic damages, attorneys' fees and costs.

## VIII. PRAYER FOR RELIEF

**WHEREFORE**, the Hannas respectfully request that this Court grant the following relief against Defendant:

A. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), the Hannas seek treble damages, as provided by statute, $1,500 for each and every call that violated the TCPA;

B. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), the Hannas seek at least $500 in statutory damages for each and every call that violated the TCPA.

C. Grant the Hannas judgment on all their claims;

D. An award of actual and non-economic damages, attorney's fees and costs to counsel for the Hannas; and

E. Any other such relief, as the Court deems appropriate.

Dated this 26th day of September, 2017.   Respectfully Submitted,
DOUCET & ASSOCIATES, CO., LPA

*/s/ Sean M. Kohl*_____
Sean M. Kohl (0086726)
Andrew J. Gerling (0087605)
Briana R.C. Hart (0095258)
*Attorneys for Plaintiffs William L. Hanna and Cynthia G. Hanna*
700 Stonehenge Parkway, Suite 2B
Dublin, OH  43017
(614) 944-5219 PH
(818) 638-5548 FAX
Sean@TroyDoucet.com
Andrew@Doucet.Law
Briana@Doucet.Law

## JURY TRIAL DEMANDED

The Plaintiffs respectfully request a jury trial on all triable issues.

*/s/ Sean M. Kohl*
Sean M. Kohl (0086726)