UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM L. HANNA,

AND

CYNTHIA G. HANNA

      Plaintiffs,

v.

WELLS FARGO BANK, N.A.,

      Defendant.

CIVIL ACTION NO.
2:17-cv-00844-JLG-EPD

## AGREED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and between Plaintiffs WILLIAM L. HANNA, and CYNTHIA G. HANNA ("Plaintiffs") and Defendant WELLS FARGO BANK, N.A. ("Wells Fargo"), through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets and confidential information, or other proprietary information belonging to Wells Fargo.

1

WHEREAS, documents and information related to Plaintiffs have been and may be sought, produced or exhibited by and among the parties to this action that is highly private, sensitive or protected by law from public disclosure.

WHEREAS, the parties have agreed that a Stipulated Confidentiality Agreement ("Agreement") is necessary in this case to prevent the unnecessary disclosure, use or dissemination of such confidential information and the parties agree that consent to the terms of this Agreement is a condition precedent for the review of any documents produced pursuant to this Agreement;

NOW, THEREFORE, in consideration of the mutual promises contained herein, the parties stipulate and agree as follows:

1. This Agreement shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Agreement in accordance with the terms hereof.

2. **Designation of Information as Confidential.** Any party or non-party producing documents or other materials in this action may designate such materials and the information contained therein subject to this Agreement by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential." Failure by the Producing Party to designate any Discovery Material as "Confidential"

within thirty (30) days of its production constitutes a waiver of any Party to declare that Discovery Material as "Confidential."

3. **Persons to Whom Confidential Information May be Disclosed.** Any document, transcript or pleading given confidential treatment under this Agreement, and any information contained in, or derived from any such materials (including but not limited to, all discovery responses or deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Agreement and may not be disclosed to any person other than:

- a) the parties, including employees of the parties, to the extent reasonably necessary for the prosecution or defense of claims or defenses in this Lawsuit;
- b) counsel representing the parties and their support personnel whose functions require access to such confidential information;
- c) the Court and its respective staff and personnel, if the procedures set forth in paragraph 4 are followed;
- d) non-party fact witnesses at, or in preparation for, deposition or trial, provided that such person executes the Acknowledgement and Agreement ("Acknowledgement") attached hereto as Exhibit A.

3

e) experts and consultants retained or used by any party for the preparation, prosecution, or defense of this case, provided that such expert or consultant execute the Acknowledgement attached hereto as Exhibit A;

f) any private or Court appointed mediator to this Litigation and his or her personnel

g) any court reporter, interpreter, or videographer necessarily present at a deposition or hearing; and

h) any other person who is so designated by order of any court before which this Lawsuit is pending (including this Court), or by agreement of the producing party, provided that such person executes the Acknowledgement attached hereto as Exhibit A.

4. **Procedure for Filing of Documents Marked Confidential.** To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Agreement, the party filing such papers shall seek leave of Court to file under seal pursuant to Local Rule 5.2.1. before filing any Confidential document.

5. **Depositions.** Any party designating specific deposition testimony as Confidential must do so within thirty (30) days after receipt of the deposition transcript. Failure to timely designate such testimony as Confidential shall operate

as a waiver of the protections under this agreement. Parties shall not make a blanket designation of Confidentiality with respect to deposition testimony.

6. **Precautions Against Unauthorized Use and Disclosure.** All persons receiving any or all documents produced pursuant to this Agreement shall be advised of their confidential nature. All documents, transcripts, or other materials subject to this Agreement, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated Confidential hereunder), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes other than solely for the preparation and trial of this action in accordance with the provisions of this Agreement. All persons to whom confidential information is disclosed or made available shall take reasonable precautions to prevent the disclosure or use of such confidential information other than as authorized by this Agreement. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 3 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

7. **Return of Confidential Information.** With the exception of deposition transcripts, all confidential information disclosed during the course of

the Lawsuit and all paper copies of summaries, sketches, data, compilations, extracts and/or reproductions thereof shall be destroyed, or in the case of electronic information or documents, permanently deleted within thirty (30) days after final disposition of the Lawsuit, including the conclusion of any and all appeals. Notwithstanding, Counsel is permitted to retain its electronic file for a period of one year after the final disposition of the Lawsuit, including the conclusion of any and all appeals for use in any malpractice action that arises out of representation provided in this action. In such a case, Counsel for the party intending to utilize confidential information shall promptly notify Counsel for the party that produced the confidential information of its intent to utilize the information, and shall seek to file such information under seal in accordance with the terms of this Agreement. Upon expiration of this one-year period, either party may request written verification of compliance with this provision, which shall be provided promptly upon receipt of such request.

8. **Inadvertent Disclosure of Privileged Information.** If a party inadvertently discloses a document or information that it believes to be protected, in whole or in part, by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, immunity, or protection available under the law and informs the receiving party thereof about the inadvertent disclosure, the receiving party shall immediately make prompt and reasonable efforts to protect the

information and retrieve it from any person not entitled to receive it and shall return the information immediately to the producing party. Inadvertent production of a privileged document, information, or an attorney's work product does not constitute a waiver of such privilege or work product status.

9. **No Waiver.** No provision of this Agreement may be waived or amended except with the written consent of the parties. It is understood and agreed failing to designate a document as Confidential in accordance with the terms of this agreement, and within the timeframes specified above, shall operate as a waiver of that party's ability to declare that document as Confidential. Nothing in this agreement, however, is meant to prevent any party from asserting any privilege, immunity, defense or objection to the production or disclosure of any information that is withheld in the course of discovery in this proceeding. Nothing in this Agreement shall be deemed to preclude or otherwise limit any party from using its own confidential information, or information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Agreement, in any manner it deems fit. Nothing herein shall prohibit the confidential disclosure of any confidential information to comply with a Court Order in an action other than this action wherein the Court Order specifically directs the disclosure of such information. However, in such cases, the party that is ordered to produce confidential materials shall promptly provide notice to the party

that produced the confidential information of any proceeding in which it is anticipated that an Court order may compel the production of confidential information to allow the producing party an opportunity interject, object, and/or take any other appropriate action to protect disclosure of the confidential information.

10. **Duration of Agreement.** Upon final disposition of this Lawsuit, by judgment, settlement, or otherwise, including any appeals, this Agreement shall remain binding and in full effect unless and until otherwise agreed in writing by the parties or ordered by the Court.

10. **Disputing Confidentiality Designation.** In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Agreement, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party seeking the designation must request appropriate relief from the Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall be continue to be treated as "Confidential" subject to the provisions of this Agreement.

11. **Governing Law and Venue.** This Agreement shall be governed by, and construed in accordance with, the laws of the State of Ohio. Each party, and any expert or consultant, also hereby irrevocably and unconditionally consents to

submit to the exclusive jurisdiction of the United States District Court for the Southern District of Ohio, Eastern Division, for any actions, suits, or proceedings arising out of, or relating to, this Agreement.

12. This Agreement has been agreed to by the parties to facilitate discovery and production of relevant evidence in this action. Neither this Agreement, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

**IT IS SO ORDERED.**

*s/Elizabeth P. Deavers*
Honorable Elizabeth Preston Deavers

**APPROVED AND AGREED** this 15th day of May, 2018:

/s/ *Eric J. Troutman*
Eric J. Troutman, Esq.*
WOMBLE BOND DICKINSON (US) LLP
3200 Park Center Drive, Suite 700
Costa Mesa, CA 92626
Telephone: (657) 266-1043
Eric.Troutman@wbd-us.com
\**Admitted pro hac vice*

Attorneys for Respondent
Wells Fargo Bank, N.A.

/s/ *Sean M. Kohl*
Sean M. Kohl, Esq.
Andrew J. Gerling, Esq.
Briana R.C. Hart, Esq.
DOUCET & ASSOCIATES, INC.
700 Stonehenge Parkway, Suite 2B
Dublin, OH 43017
Telephone: (614) 944-5219
Facsimile: (818) 638-5548
sean@doucet.law
andrew@doucet.law
briana@doucet.law

Counsel for Plaintiffs
William and Cynthia Hanna

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIAM L. HANNA, <br><br> and <br><br> CYNTHIA G. HANNA <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK, N.A., <br><br> Defendant. | CIVIL ACTION NO. <br> 2:17-cv-00844-JLG-EPD |

## ACKNOWLEDGMENT AND AGREEMENT

The undersigned person acknowledges that he/she has read and understands the Stipulated Confidentiality Agreement to which this Acknowledgement and Agreement is appended and the terms of which are fully incorporated into this Acknowledgement and Agreement.

The undersigned person agrees to be fully bound by the terms of that Stipulated Confidentiality Agreement and not to disclose confidential information disclosed to the undersigned person, to not share the confidential information with anyone not qualified under the Stipulated Confidentiality Agreement, and to use the information only for the purpose of the above-captioned litigation.

The undersigned person agrees to return to counsel for the Party by whom the undersigned person is employed or retained, or to counsel from whom the undersigned person received any documents marked as CONFIDENTIAL materials.

The undersigned person further agrees to submit fully to the jurisdiction of the Court for purposes of enforcement of this Acknowledgement and Agreement.

The undersigned person also understands that violation of the terms of the Stipulated Confidentiality Agreement may render the undersigned person liable for any and all sanctions and other remedies the Court may deem appropriate.

_____

(Signature)

_____

(Printed Name)

_____

(Dated)